■ In the Matter of the Claim of SHARON R. SILVER, Appellant. COMMISSIONER OF LABOR, Respondent. [923 NYS2d 306]—

---

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 2, 2010, as resettled by a decision filed May 3, 2010, which, among other things, charged claimant with a recoverable overpayment of emergency unemployment compensation benefits.

Claimant successfully applied for unemployment insurance benefits and, while she disclosed that she received a pension from her former employer, the Department of Labor failed to take those payments into account in determining her benefit rate. When it eventually did so, claimant's benefits were reduced and she was assessed with a recoverable overpayment of $760.75 in federally funded emergency unemployment compensation (hereinafter EUC) benefits (*see* Pub L 110-252, tit IV, § 4001 *et seq.*, 122 US Stat 2323; *Matter of Umpierre [Commissioner of Labor]*, 80 AD3d 1123, 1123 [2011]). Claimant then applied for a waiver of repayment, which the Unemployment Insurance Appeal Board ultimately denied, and she appeals.

We affirm. Claimant was overpaid EUC benefits through no fault of her own, but is nevertheless required to repay them unless "equity and good conscience" militate in favor of a waiver of repayment (Pub L 110-252, tit IV, § 4005 [b], 122 US Stat 2323). Factors relevant in making that assessment include whether "recovery of the overpayment [would] cause financial hardship to" claimant and, in that regard, the Board cited evidence that her monthly income exceeded her expenses by almost $1,000 (United States Department of Labor, Unemployment Insurance Program Letter No. 23-08, attachment A, at A-13). As substantial evidence thus supports the Board's determination that a waiver of repayment was not called for as a matter of equity or good conscience, it will not be disturbed.

Mercure, J.P., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.