Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 29, 2012, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she failed to file a valid original claim.
Claimant, a tutor, filed an original claim for unemployment insurance benefits, effective October 11, 2010, establishing an alternate base period from the fourth quarter of 2009 through the third quarter of 2010, or October 1, 2009 through September 30, 2010. Her claim was denied on the basis that she did not meet the necessary requirements for filing a valid original claim. Following a hearing, this determination was upheld by an Administrative Law Judge and later by the Unemployment Insurance Appeal Board. The Board further charged claimant with a recoverable overpayment of benefits of $179. This appeal by claimant followed.
We affirm. During her alternate base period, claimant was credited with earning $800 from Broadnet Services during the second quarter of 2010 and $1,100 from that employer during the third quarter of 2010. As a consequence, the Board ultimately ruled that claimant was unable to file a valid original claim under the alternate condition because she did not earn at least $1,600 in any quarter during her alternate base period (see Labor Law § 527 [2]). Although claimant maintains that the funds she earned providing tutoring services through TestQuest, Inc. should be utilized as covered employment to establish her claim, we cannot agree. These earnings cannot qualify for inclusion, inasmuch as this Court, in Matter of Leazard (TestQuest, Inc.-Commissioner of Labor) (74 AD3d 1414, 1415-1416 [2010]), determined that tutors such as claimant were independent contractors and not employees of TestQuest. Inasmuch as the record confirms that claimant did not have sufficient covered *1245 earnings to file a valid original claim pursuant to Labor Law § 527, substantial evidence supports the Board’s decision (see Matter of Stennett [Commissioner of Labor], 54 AD3d 478, 478-479 [2008]). Moreover, there is substantial evidence supporting the Board’s conclusion that the amount that claimant was overpaid in emergency unemployment compensation benefits is recoverable (see generally Matter of Silver [Commissioner of Labor], 84 AD3d 1634, 1635 [2011]).
Mercure, J.E, Lahtinen, McCarthy and Egan Jr., JJ., concur.
Ordered that the decision is affirmed, without costs.