■ In the Matter of the Claim of HAROLD J. BABCOCK, Appellant. COMMISSIONER OF LABOR, Respondent. [965 NYS2d 240]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 7, 2011, which, among other things, charged claimant with a recoverable overpayment of emergency unemployment compensation benefits.

The Unemployment Insurance Appeal Board ruled that Labor Law § 600 (7) required a reduction in claimant's benefit rate following his receipt of payments from his union pension. Claimant was further charged with a recoverable overpayment of $8,439 in federally funded emergency unemployment compensation benefits, and the Board rejected his application for a waiver of repayment (see Pub L 110-252, tit IV, § 4001 et seq., 122 US Stat 2323; Matter of Umpierre [Commissioner of Labor], 80 AD3d 1123, 1123 [2011]). Substantial evidence supports the finding that claimant's former employers fully funded his pension, "thereby triggering the statutory reduction in benefit payments" (Matter of Johnson [Commissioner of Labor], 256 AD2d 804, 805 [1998], lv denied 93 NY2d 803 [1999]; see Labor Law § 600 [7]; Matter of Sanchez [Commissioner of Labor], 56 AD3d 846, 847 [2008]). Inasmuch as claimant's monthly income significantly exceeded his expenses, substantial evidence further supports the Board's determination "that a waiver of repayment was not called for as a matter of equity or good conscience" (Matter of Silver [Commissioner of Labor], 84 AD3d 1634, 1635 [2011]).

Stein, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.