*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 17, 2015          519809
_____

In the Matter of the Claim of
    EDWINA M. RIVERA,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 10, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        Edwina M. Rivera, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 2012, which charged claimant with a recoverable overpayment of emergency unemployment compensation and federal additional compensation benefits.

        After claimant stopped working for the employer as a patient services coordinator, she applied for and received unemployment insurance benefits.  The employer objected to claimant's receipt of benefits and, following extended proceedings, the Unemployment Insurance Appeal Board ruled that she was disqualified from receiving benefits because she voluntarily left her employment without good cause.  Claimant did not appeal from this decision.

        Thereafter, the Department of Labor issued an initial determination charging claimant with a recoverable overpayment of benefits, specifically $12,925 in emergency unemployment

compensation benefits (see Pub L 110-252, tit IV § 4001 et seq., 122 US Stat 2323) and $550 in federal additional compensation benefits (see 26 USC § 3304), that she had received prior to her disqualification. Following further proceedings, the Board eventually sustained this determination and claimant now appeals.

We affirm. Claimant maintains that she should not be liable for a recoverable overpayment of benefits because she did not voluntarily leave her employment, but was terminated without good cause. However, inasmuch as she did not appeal the Board's decision disqualifying her from receiving benefits on the basis of her voluntary separation, she is bound by that determination and may not relitigate this issue anew (see Matter of Shamilov [Commissioner of Labor], 68 AD3d 1293, 1294 [2009]). Given that claimant was not entitled to receive such benefits, she is required to repay them unless the overpayment was through no fault of her own and "'equity and good conscience' militate in favor of a waiver of repayment" (Matter of Silver [Commissioner of Labor], 84 AD3d 1634, 1635 [2011], quoting Pub L 110-252, tit IV § 4005 [b], 122 US Stat 2323; see Matter of Matusic [Commissioner of Labor], 102 AD3d 1029 [2013]). Claimant, however, has not applied for a waiver of repayment and there is no evidence in the record establishing that she would be entitled to one. Therefore, we find no basis to disturb the Board's decision.

Lahtinen, J.P., Garry, Rose and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court