*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    521769
_____

In the Matter of the Claim of
    PAMELA WEESS,
                        Appellant.

                                        MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

                        _____


        Pamela Weess, Great Neck, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

                        _____


        Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 31, 2014, which denied claimant's application for a waiver of repayment of recoverable emergency unemployment compensation benefits.

        Claimant was awarded unemployment insurance benefits in 2011.  She was subsequently found to have made willful misrepresentations in order to obtain benefits and was charged, as relevant here, with a recoverable overpayment of $18,123.75 in federally funded emergency unemployment compensation benefits (see Pub L 110-252, tit IV, § 4001 et seq., 122 US Stat 2323).  Claimant did not appeal that decision.  The Unemployment Insurance Appeal Board thereafter denied her application for a waiver of repayment of the emergency unemployment compensation benefits, and claimant now appeals from that decision.

We affirm.  An overpayment of emergency unemployment compensation benefits is required to be repaid unless the overpayment was through no fault of the recipient and "equity and good conscience militate in favor of a waiver of repayment" (Matter of Silver [Commissioner of Labor], 84 AD3d 1634, 1635 [2011] [internal quotation marks and citation omitted]; see Matter of Rivera [Commissioner of Labor], 131 AD3d 1308, 1309 [2015]; Matter of Matusic [Commissioner of Labor], 102 AD3d 1029, 1029 [2013]).  Here, the Board determined — and our review of the record confirms — that claimant made willful misrepresentations in order to obtain emergency unemployment compensation benefits; hence, it cannot be said that the resulting overpayment was occasioned through no fault of claimant.  Under these circumstances, substantial evidence supports the Board's decision that the requested waiver of repayment was not justified (see Matter of Pastore [Commissioner of Labor], 120 AD3d 874, 875 [2014]).

Lahtinen, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court